# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | |
|---|---|
| United States of America <br> v. <br> _____ <br> *Defendant* | ) <br> ) <br> ) Case No. <br> ) <br> ) |

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted of ☐ a federal offense ☐ a state or local offense that would have been a federal offense if federal jurisdiction had existed - that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4) or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

  ☐ an offense for which the maximum sentence is death or life imprisonment.

  ☐ an offense for which a maximum prison term of ten years or more is prescribed in _____.*

  ☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

  ☐ any felony that is not a crime of violence but involves:

    ☐ a minor victim

    ☐ the possession or use of a firearm or destructive device or any other dangerous weapon

    ☐ a failure to register under 18 U.S.C. § 2250

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3) A period of less than five years has elapsed since the ☐ date of conviction ☐ the defendant's release from prison for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum prison term of ten years or more is prescribed in _____ .

  ☐ under 18 U.S.C. § 924(c).

---

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

☐ (2)  The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

### Alternative Findings (B)

☐ (1)  There is a serious risk that the defendant will not appear.

☐ (2)  There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II— Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes by  ☐ clear and convincing evidence  ☐ a preponderance of the evidence that

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date: _____

_____
*Judge's Signature*

_____
*Name and Title*

---

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Lewis J. Saale
Criminal Action 14-mj-8112-01-TJJ

## Part II - Written Statement of Reasons for Detention

There is a set of factors I have to look at to determine whether there are conditions of release that will both assure your appearance and the safety of the community.

The first factor is the nature and circumstances of the offense charged, including whether the offense involves controlled substances, so that is a negative factor.

The next factor is the weight of the evidence against the person. There has been a Grand Jury Indictment which is a determination of probable cause, so that is a negative.

The next factor is the history and characteristics of the person, including your physical and mental condition. Nothing there appears to be a problem so that would be positive.

Family ties are positive.

Employment is somewhat questionable.

The next factor is your financial resources. There is no indication you have substantial resources that would assist you in fleeing so that is positive.

Length of residence in the community is positive.

The next factor is past conduct, which includes history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings, which are clearly a problem in your case.

The major problem is that you face a presumption of detention unless you rebutt it. There is an allegation that after you were released on bond by the State Court of Kentucky you came back

to Kansas and committed another crime by possessing methamphetamine, which doesn't give me any confidence you will comply with conditions.

The final factor is the nature and seriousness of the danger to any person posed by your release. You have allegedly been involved in several transactions involving methamphetamine and had methamphetamine when arrested.

Taking all these factors into consideration, I am going to find that there are no conditions that can assure the safety of the community so you will remain detained.